WAYMAN, APPELLANT, *v.* BOARD OF EDUCATION OF AKRON CITY SCHOOL DISTRICT, APPELLEE.

(No. 5460—Decided October 21, 1964.)

*Mr. Paul A. Borowski*, for appellant.
*Mr. Gilbert A. Hartz*, for appellee.

DOYLE, J. The action was brought in the Court of Common Pleas of Summit County, Ohio, by Clara C. Wayman, the owner of a house and lot in Akron, Ohio, located directly across a city street from a parking lot belonging to, and maintained by, the Board of Education of the Akron City School District.

She alleges in her petition filed against the board of education that in the year 1957 it "created a large parking lot for Jennings Junior High School * * * for the purpose of parking vehicles belonging to its employees, students, and the public on occasion and, that such use has and still does cause great quantities of dust to come upon * * * [her premises] from the parking lot, that said dust is noxious and offensive and annoying to the health and comfort of the plaintiff and those required to remain in close proximity to it, and causes plaintiff to do a great amount

of extra work in sweeping and dusting to keep her house clean and in order, that further the dust has damaged the property, consisting of said house, furnishings, shrubbery and such, that said dust has blown over and in said house coating and discoloring it and that the furniture, curtains, draperies, rugs, and flooring, table covers, and all other such furnishings of the home have been stained, discolored, made dirty and dingy by reason of said dust settling and blowing onto this property."

The petition further charges that the operation of the parking lot constitutes a nuisance and prays that it be abated; and "that defendant, its agents, servants, employees and all persons in privity with the defendant in the use of said property, under the pains and penalty of the law be enjoined and restrained" from continuing the nuisance.

A demurrer filed by the board of education to the petition, charging that the "petition does not state facts which show a cause of action" and that "the court has no jurisdiction of the subject of the action," was sustained by the trial court on the ground that "governmental immunity obtains in the state of Ohio with regard to the conduct of the defendant complained of in the petition."

Pursuant to the dismissal of the petition, the plaintiff has appealed to this court and urges the following assignment of error:

"The Court of Common Pleas erred in finding that governmental immunity obtains in the state of Ohio with regard to the conduct of the defendant-appellee herein, complained of in the petition."

If this action sought a money judgment for damages, we would have no difficulty in affirming the judgment of the Court of Common Pleas on the authority of *Board of Education of Cincinnati* v. *Volk*, 72 Ohio St. 469. Of interest in that case, however, is the obiter dictum comment of the writer of the opinion which appears as follows: "In conclusion upon the subject of remedy, we do not mean it to be understood that the alleged excessive and wrongful excavation, without protecting the plaintiff's property, might not have been restrained in a proper and timely action for that purpose." While this statement is not binding upon this court, nevertheless, it states a rule applicable to the nonimmunity of a board of education from a suit in

equity to restrain it from committing a nuisance or perpetrating an act of negligence.

The petition under attack pleads a private nuisance growing out of negligence. The creation of an automobile parking lot incident to the operation of a public school is, indeed, lawful in origin, but in operation may become a nuisance by negligence in maintenance. This is the ground upon which the pleader hopes to make a case.

Nuisance as a concept of law has a number of meanings. We are concerned here with a qualified nuisance, as distinguished from an absolute nuisance, which may consist of anything lawfully done or permitted to be done, as to create a potential and unreasonable risk of damage, which, in due course, results in injury to another.

As is noted above, an action for damages cannot be successfully prosecuted under the pleaded facts; nevertheless, there is no rule of immunity in this state which prevents a court of equity from issuing a decree requiring the board of education to take reasonable precautions in the operation of its parking lot to stop damage to its neighbor. In the present age there are many ways, all of common knowledge, to prevent offensive dust and dirt from blowing out of a parking lot into the neighboring area.

It is the opinion of the members of this court that the demurrer was improperly sustained. Whether upon trial the plaintiff can prove her case is another question. The maintenance of a public school parking lot is not a nuisance per se, and consideration must be given to inconvenience and hurts ordinarily and necessarily incident to urban life in the twentieth century.

*Judgment reversed and cause remanded.*

HUNSICKER, P. J., and STEVENS, J., concur.